**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BENJAMIN BURDICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 17-3148-KHV |
| WARDEN SAM KLINE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On July 7, 2009, in the District Court of Crawford County, Kansas, Benjamin Burdick was sentenced to 324 months in prison for multiple drug-related convictions. This matter is before the Court on Burdick's pro se <u>Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody</u> (Doc. #6) filed September 20, 2017. For reasons stated below, the Court denies the petition and denies a certificate of appealability.

## Factual Background

On April 2, 2009, in the District Court of Crawford County, Kansas, a jury found Burdick guilty of manufacture of a controlled substance; possession of ephedrine, methamphetamine, marijuana and drug paraphernalia; use of drug paraphernalia; and aggravated endangerment of a child. The state court sentenced Burdick to a controlling sentence of 324 months in prison.

Before trial, petitioner sought to suppress evidence which officers obtained from a search of his residence conducted pursuant to a search warrant. The Kansas Court of Appeals summarized petitioner's challenge to the warrant as follows:

> The warrant was obtained by Senior Special Agent Shawn Campiti of the Kansas Bureau of Investigation. Campiti obtained information from Matthew Hood, a known methamphetamine user, indicating Burdick had been manufacturing and distributing methamphetamine from his home. Hood also named several other

individuals involved in Burdick's operation. Campiti verified Burdick lived at the address Hood provided, and he conducted surveillance to corroborate Hood's statements. Campiti checked the pseudoephedrine logs from the local Walmart pharmacy and discovered several of the names Hood had given him appeared on the log. He also ran criminal history checks on the individuals and found they had numerous convictions for drug-related crimes. Campiti also discovered Burdick had two prior drug-related arrests.

Campiti applied for a search warrant of Burdick's home and provided a supporting affidavit. A judge issued the warrant, and Campiti and other law enforcement officers executed the search. During the course of the search, the officers found evidence relating to the manufacture of methamphetamine and other drug-related activity. Two minor children were present in the home at the time of the search.

Prior to trial, Burdick filed a motion to suppress evidence obtained as a result of the execution of the search warrant. The motion alleged there was insufficient evidence to establish probable cause, the search warrant was based on faulty or incorrect information, there was no indication of the informant's reliability, and the issuing judge was misled by Campiti's affidavit. Burdick requested an evidentiary hearing and obtained a subpoena to call Hood to testify. The State moved to quash the subpoena arguing Burdick could not impeach a nongovernment agent in challenging the search warrant. Hood had not been served with the subpoena and did not appear at the evidentiary hearing. The district court denied the State's motion to quash as moot and proceeded with the motion hearing without taking evidence. Burdick's counsel did not request a continuance of the hearing and had not complied with the procedures required for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L.Ed. 2d 667 (1978). Specifically, the motion was filed without an accompanying affidavit alleging a materially false statement or omission by Campiti. The court denied Burdick's motion to suppress.

Burdick v. State, 383 P.3d 181 (Table), 2016 WL 6138666, at *1-2 (Kan. Ct. App. 2016), rev. denied, (Kan. June 20, 2017).

Petitioner appealed his conviction and sentence. He argued in part that the district court erred in denying his motion to suppress. The Kansas Court of Appeals rejected petitioner's challenge to the sufficiency of the affidavit because he had failed to include the affidavit in the record on appeal. See State v. Burdick, 243 P.3d 716 (Table), 2010 WL 5185782, at *1 (Kan. App. 2010), rev. denied, (Kan. Feb. 15, 2011).

Samuel Marsh represented petitioner in state district court. Ryan Eddinger of the Kansas

Appellate Defender Office represented petitioner on direct appeal.

On August 18, 2011, petitioner filed his original K.S.A. § 60-1507 motion. He argued that trial counsel provided ineffective assistance because he did not request a hearing under Franks v. Delaware, 438 U.S. 154, 164 (1978) and appellate counsel provided ineffective assistance because he failed to include the search warrant affidavit in the record on appeal.[1] On May 5, 2015, the state district court denied petitioner's motion on all claims. On October 21, 2016, the Kansas Court of Appeals affirmed. Burdick, 2016 WL 6138666, at *1-2.

In the instant action under 28 U.S.C. § 2254, petitioner re-asserts his claims that (1) Marsh provided ineffective assistance because he did not request a Franks hearing and (2) Eddinger provided ineffective assistance because he did not include the search warrant affidavit in the record on appeal.

## **Analysis**

The Court reviews a state prisoner's challenge to his conviction in state court under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 19 (2013). The Court may issue a writ of habeas corpus only if petitioner's state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

---

[1] Petitioner also asserted that the evidence was insufficient to sustain his conviction for child endangerment. Burdick, 2016 WL 6138666, at *2. In the instant action, petitioner does not assert this claim.

§ 2254(d)(1), (2).[2]

Under the "contrary to" clause, the Court will grant relief only if a state court reaches (1) a conclusion opposite to that reached by the United States Supreme Court on a question of law or (2) a different result from the Supreme Court on "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" clause, the Court will grant relief only when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. To warrant relief, petitioner must establish that the state court ruling is "objectively unreasonable, not merely wrong; even clear error will not suffice." Virginia v. LeBlanc, ––– U.S. –––, 137 S. Ct. 1726, 1728 (2017) (per curiam) (internal quotation marks omitted). Petitioner must establish that the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." Id. (internal quotation marks omitted).

Both of petitioner's claims assert ineffective assistance of counsel. To establish ineffective assistance of counsel under federal law, petitioner must show (1) that the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To establish deficient performance, petitioner must prove that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, petitioner must prove that counsel

---

[2] AEDPA also requires petitioners to exhaust state remedies before seeking post-conviction relief in a federal court. 28 U.S.C. § 2254(b)(1)(A). Here, respondent concedes petitioner has exhausted his available state court remedies.

performed "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

In evaluating ineffective assistance claims under Section 2254, the question "is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (internal quotation marks omitted). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations")).

Petitioner asserts that (1) trial counsel provided ineffective assistance because he did not request a Franks hearing and (2) appellate counsel provided ineffective assistance because he did not include the search warrant affidavit in the record on appeal. To evaluate petitioner's claims, the Court first sets forth federal law governing search warrants and challenges to misstatements or omissions in search warrant affidavits.

The Fourth Amendment Warrant Clause provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation." Franks, 438 U.S. at 164. A warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter. Id. at 165. In making a probable cause determination, the court "is simply to make a practical, common-sense decision

whether, given all the circumstances set forth in the affidavit before [it], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). A reviewing court owes great deference to a court's finding of the existence of probable cause to issue a warrant. See United States v. Le, 173 F.3d 1258, 1265 (10th Cir. 1999). A reviewing court need only ask whether, under the totality of the circumstances presented in the affidavit, the judge had a "substantial basis" for determining that probable cause existed. United States v. Tuter, 240 F.3d 1292, 1295 (10th Cir. 2001).

The Fourth Amendment prohibits an affiant in an application for a search warrant from knowingly and intentionally, or with reckless disregard for the truth, making a false statement. Franks, 438 U.S. at 155-56. Where an affiant makes a false statement, the warrant must be voided if the affidavit's remaining content is insufficient to establish probable cause. See United States v. Basham, 268 F.3d 1199, 1204 (10th Cir. 2001). The Tenth Circuit has applied this rule "to intentional or reckless omissions of material facts, which, if included, would vitiate probable cause." Id. (citing Stewart v. Donges, 915 F.2d 572, 581-83 (10th Cir. 1990)). Recklessness can be inferred where the omitted facts were "clearly critical" to a finding of probable cause. DeLoach v. Bevers, 922 F.2d 618, 622 (10th Cir. 1990). Franks applies to false statements made by the affiant or other government employees to the extent that the affiant relied on those statements in preparing the affidavit. Marin v. King, 720 F. App'x 923, 936 (10th Cir. 2018); United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997). In a case where a defendant alleges that information was intentionally omitted from an affidavit, the existence of probable cause is determined by examining the affidavit as if the omitted information had been included and determining whether the affidavit would still give rise to probable cause. Basham, 268 F.3d

at 1204. To warrant a hearing, defendant must make a substantial showing that officers knowingly and intentionally included a material false statement or omission in the warrant affidavit. See Franks, 438 U.S. at 155-56.

## I. Trial Counsel's Failure To Request A Franks Hearing (Claim 1)

As noted, the state district court denied petitioner's motion to suppress without taking evidence. Defendant argues that trial counsel provided ineffective assistance because he did not request a Franks hearing based on the limited information in Campiti's affidavit. See Amended Petition (Doc. #6) at 7. Petitioner raised this same claim in his K.S.A. § 60-1507 motion. After an evidentiary hearing, the state district court denied petitioner's claim. On the performance prong, the state district court stated as follows:

> In the present case, Burdick argues Marsh was ineffective for failing to follow the procedure required by *Franks*. However, at the K.S.A. 60-1507 hearing, Marsh testified he had no good faith reason to believe that SSA Campiti, the author of the affidavit in question, made any false statements in the search warrant affidavit. Marsh's problem with Campiti's affidavit was that it was "tenuous" and lacked [corroboration]. At the 1507 hearing, Burdick also failed to establish that SSA Campiti deliberately or recklessly included falsehoods in his affidavit, or deliberately or recklessly omitted material facts. The testimony elicited by Burdick at the 1507 hearing merely established Burdick's position that he believed Campiti could have done more to investigate, based on Burdick's opinion, and that of his counsel. But Burdick failed to establish by a preponderance of the evidence that any of Campiti's actions were deliberate or reckless, and there is no evidence of deliberate or reckless falsehoods or omissions of material fact. The fact that Matt Hood was upset, and this fact was not included in the affidavit, does not demonstrate deliberate or reckless omission. The same is true with regard to the fact Campiti had arrested Hood in 2002. The fact that Campiti did not include language stating that cold medicines might be normally used during cold and flu season is not an omission. Any magistrate would draw that reasonable conclusion without this being specifically stated in the affidavit. Finally, the fact Campiti did not include whether he checked other local pharmacies for logs is again not an omission, and even if that fact were removed, probable cause would still exist to support the affidavit. A reasonable attorney would not have filed a *Franks* motion under these circumstances. Marsh's representation was not deficient in this regard.

<u>See</u> Journal Entry filed May 5, 2015, at 3-4 (Doc. #6-1 at 13-14).

The Kansas Court of Appeals affirmed, reasoning as follows:

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) defense counsel's performance was deficient under the totality of the circumstances and (2) prejudice, *i.e.*, there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola–Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed. 2d 674 [1984]). To properly evaluate Burdick's claim of ineffective assistance of counsel, this court must look at the applicable legal standards concerning a motion to suppress evidence under *Franks*, 438 U.S. 154.

An affidavit in support of a search warrant is presumed valid. An evidentiary hearing is required if a defendant shows by a sworn allegation that an affidavit in support of a search warrant is unreliable in that it: (1) contains statements that are material to the issuance of the search warrant because the statements were necessary to find probable cause and (2) the material statements (a) were a deliberate falsehood, (b) were made in reckless disregard for the truth, or (c) deliberately omitted a material fact. Allegations of negligence or innocent mistakes are insufficient. *Franks*, 438 U.S. at 155–56, 171; *State v. Adams*, 294 Kan. 171, 179, 273 P.3d 718 (2012); *State v. Francis*, 282 Kan. 120, 128, 145 P.3d 48 (2006). A defendant is only entitled to a *Franks* hearing where the affiant whose statements are being challenged is a government agent. *State v. Jensen*, 259 Kan. 781, 789, 915 P.2d 109 (1996).

Burdick's trial counsel clearly did not follow the procedure necessary for a *Franks* hearing as there was not an accompanying affidavit or sworn allegation filed with the motion to suppress. However, counsel is only deficient if the *Franks* procedure should have been followed in the first place. As noted above, a defendant may only use a *Franks* hearing to challenge the statements made by a government agent. *Franks* is therefore inapplicable to statements made by nongovernment informants.

Here, Burdick was not alleging a materially false statement or omission or a reckless disregard for the truth by Campiti; rather, Burdick was challenging the statements made by Hood to Campiti as being materially false. At best, Burdick alleges a lack of due diligence or thoroughness in Campiti's investigation or the omission of extraneous details in the affidavit, but allegations of mere negligence are not enough to warrant a *Franks* hearing. *Francis*, 282 Kan. at 128.

A *Franks* hearing was not warranted based on the grounds alleged in Burdick's motion to suppress; therefore, his counsel was not deficient for failing to take the steps to secure one. Because Burdick's trial counsel's performance was not deficient, there can be no prejudice. The district court did not err.

2016 WL 6138666, at *2-3.

Petitioner does not explain how the Kansas Court of Appeals erred in this ruling. The Kansas Court of Appeals correctly identified the governing federal rules in Strickland and Franks. The Kansas Court of Appeals reasonably applied federal law when it held that counsel's performance was adequate because Franks does not apply to statements made by nongovernment informants. See Franks, 438 U.S. at 171 (impeachment permitted involves deliberate falsity or reckless disregard of affiant, not nongovernmental informant); United States v. Owens, 882 F.2d 1493, 1499 (10th Cir. 1989) (not enough to show that informant lied to unsuspecting affiant).

Petitioner argues that counsel should have requested a Franks hearing because Campiti relied on statements by Hood without investigating his credibility or attempting to corroborate his statements. Amended Petition (Doc. #6) at 6.[3] Petitioner does not allege that Campiti knowingly and intentionally, or with reckless disregard for the truth, made a false statement. As the Kansas Court of Appeals correctly noted, allegations of negligence are insufficient to warrant a Franks hearing. 2016 WL 6138666, at *3; see United States v. Sanchez, 725 F.3d 1243, 1247-48 (10th Cir. 2013) (negligence or innocent mistakes insufficient to justify excisions from affidavit under Franks); United States v. Gonzales, 399 F.3d 1225, 1229 (10th Cir. 2005) (omission because of officer "inexperience," like "negligence or innocent mistake," insufficient to overcome finding of good faith); United States v. Ross, 920 F.2d 1530, 1534 (10th Cir. 1990) (Franks challenge goes

---

[3] In particular, petitioner argues that the state court and Campiti relied on two statements by Hood to justify the search warrant: (1) petitioner's house was a "hub house" where methamphetamine users congregated and (2) on January 14, 2008, Hood smelled methamphetamine cooking when he was outside of petitioner's residence. Id. at 7. Petitioner asserts that Campiti should have conducted surveillance of the house and questioned the other purported methamphetamine users who allegedly spent time at the house.

to false, not conclusory statements). The Kansas Court of Appeals reasonably determined that counsel's failure to request a Franks hearing was not deficient because the allegations in petitioner's motion to suppress did not warrant such a hearing.

Petitioner notes that Hood had a criminal history involving methamphetamine and pseudoephedrine, and he withheld from Campiti "vital information about his purchases of pseudoephedrine until he was forced to reveal it." Amended Petition (Doc. #6) at 6-7. In the affidavit, Campiti disclosed Hood's criminal history and the fact that Hood did not disclose his recent purchases of pseudoephedrine until Campiti specifically questioned him about this fact in a follow-up interview. Petitioner has not alleged that in the affidavit, Campiti misstated Hood's criminal history or the circumstances related to Hood's belated disclosure of his pseudoephedrine purchases. Accordingly, these allegations did not warrant a Franks hearing.

In his reply brief, petitioner asserts that trial counsel provided ineffective assistance because before filing the motion to suppress, he did not interview the individuals identified in the affidavit to identify additional grounds to support a request for a Franks hearing. Petitioner's Traverse To Respondent's Answer And Return (Doc. #25) filed July 9, 2018 at 13-15, 17. In his amended petition, however, petitioner claims that counsel failed to request a Franks hearing *based on the contents of Campiti's affidavit*, not that counsel failed to investigate additional grounds to support a request for such a hearing. See Amended Petition (Doc. #6) at 7 (counsel aware that "above stated facts were in the affidavit of probable cause, yet did not file the necessary motion/request and accompanying sworn affidavit required to initiate a Franks hearing"). In his state habeas petition, as part of his claim related to Franks, petitioner argued that counsel should

have interviewed the witnesses identified in the affidavit.[4] Even so, the state district and appellate courts did not specifically address petitioner's allegation related to counsel's failure to interview witnesses.[5] The Court need not decide whether the Kansas courts rejected petitioner's argument silently or intended to reject it implicitly in the broader analysis of what is required to trigger a Franks hearing. In either case, the Court must determine whether in denying petitioner's claim, the state courts reasonably applied Strickland and Franks. See Postelle v. Carpenter, 901 F.3d 1202, 1213-14 (10th Cir. 2018) (same analysis under AEDPA whether we read state court opinion to reject "argument silently or implicitly to sweep it into a broader analysis"). As explained above, the Kansas Court of Appeals reasonably applied federal law when it held counsel's performance was adequate because Franks does not apply to statements made by nongovernment informants. Petitioner's allegation that counsel failed to interview witnesses involves the truthfulness of the informant's statements. See Affidavit Of Chris Beckley (Doc. #25-1 at 39-40) ¶¶ 1-5 (denies Burdick or his residence involved with methamphetamine and states Hood's apartment was "hub house" for methamphetamine users); Affidavit Of Joe Venturella (Doc. #25-1 at 41-42) ¶¶ 1-3, 5-6 (denies Burdick or his residence involved with methamphetamine or that Burdick was looking for ephedrine and pseudoephedrine at Venturella's apartment). Again, for reasons explained by the state district and appellate courts, proof that an informant's statements

---

[4] See KSA § 60-1507 Motion filed Aug. 18, 2011, at -8 (Issue No. 1: attorney failed to challenge veracity of affidavit pursuant to Franks); id. at 14 (counsel deficient because 1. failed to file a motion for Franks hearing and 2. "failed to conduct any interviews of witnesses or potential witnesses who were listed in the Affidavit Supporting Probable Cause, which would have supported a request or Motion for a Franks hearing").

[5] See Journal Entry filed May 5, 2015, at 3 (Doc. #6-1 at 13) ("Burdick argues Marsh was ineffective for failing to follow the procedures required by *Franks*"); see also 2016 WL 6138666, at *3 (Kansas Court of Appeals) (counsel not deficient because Franks hearing not warranted "based on the grounds alleged in Burdick's motion to suppress").

were incorrect is insufficient to warrant a Franks hearing.

In sum, petitioner has not shown that the state court adjudication of his first claim was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. The Court denies relief on petitioner's claim that trial counsel provided ineffective assistance because he did not request a Franks hearing.

## II. Counsel's Failure To Include Affidavit In Record On Appeal (Claim 2)

Petitioner asserts that appellate counsel provided ineffective assistance because he did not include the search warrant affidavit in the record on appeal. On direct appeal, the Kansas Court of Appeals rejected petitioner's claim that the affidavit lacked probable cause because he failed to include the affidavit in the record on appeal. The Kansas Court of Appeals stated as follows:

> Preliminarily, we note that although Burdick properly preserved this issue for appellate review by filing a pretrial suppression motion challenging the search and making a continuing objection at trial to the admission of the seized evidence, Burdick has failed to include the allegedly deficient affidavit in the appellate record. In its response brief, the State pointed out this omission and argued it precludes our review of this issue on appeal. Burdick did not file a reply brief and did not address this issue in his initial brief.
>
> As the appellant, Burdick has the burden to furnish a record sufficient to establish the claimed error; without such a record, the claim of error fails. See *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008). * * *
>
> Because Burdick has failed to provide the affidavit he claims was deficient, he has failed to furnish a record which affirmatively shows that the district court erred in upholding the magistrate's probable cause determination and in failing to grant Burdick's suppression motion. Accordingly, we must presume the district court's action was proper. See *State v. Holmes*, 278 Kan. 603, 612, 102 P.3d 406 (2004).

Burdick, 2010 WL 5185782, at *2.

In his state habeas petition, Burdick alleged that appellate counsel provided ineffective assistance because he failed to include the search warrant affidavit in the record on appeal. The Kansas district court agreed that counsel's performance was deficient in this regard. See Journal

Entry filed May 5, 2015 at 4 (Doc. #6-1 at 14). Even so, the court held that Burdick suffered no prejudice because the affidavit sufficiently established probable cause to issue the search warrant. See id. The Kansas Court of Appeals affirmed, stating as follows:

> To establish ineffective assistance of counsel on appeal, a defendant must show that (1) counsel's performance, under the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and (2) the defendant was prejudiced to the extent there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Sola-Morales*, 300 Kan. at 882. * * *
>
> The district court was correct in finding appellate counsel's performance deficient by omitting the affidavit, but we need not delve into a comprehensive analysis of appellate counsel's performance to reach the merits of the issue. In fact, an appellate court may proceed to the second prong of the *Strickland* analysis without reaching the first if doing so will intelligently resolve the issue. See *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) (citing *Strickland*, 466 U.S. at 697). In order to determine whether Burdick was prejudiced by appellate counsel's performance, we start our analysis by looking to the applicable legal standards regarding a challenge to the sufficiency of a search warrant.
>
> In reviewing whether an affidavit in support of a search warrant supplies probable cause, a judge must consider the totality of the circumstances presented and make "a practical, common-sense decision whether a crime has been or is being committed and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place.' [Citation omitted.]" *State v. Mullen*, 304 Kan. 347, 353, 371 P.3d 905 (2016).
>
>> "'When an affidavit in support of an application for a search warrant is challenged, the task of the reviewing court is to ensure the issuing magistrate had a substantial basis for concluding probable cause existed. This standard is inherently deferential. It does not demand that the reviewing court determine whether, as a matter of law, probable cause existed; rather, the standard translates to whether the affidavit provided a substantial basis for the magistrate's determination that there is a fair probability that evidence will be found in the place to be searched. Because the reviewing court is able to evaluate the necessarily undisputed content of an affidavit as well as the issuing magistrate, the reviewing court may perform its own evaluation of the affidavit's sufficiency under this deferential standard.' [Citation omitted.]" 304 Kan. at 353.

> The search warrant affidavit here provided a substantial basis for the issuing magistrate judge to find probable cause. Our standard of review does not compel this court to perform a hyper-technical analysis of the information contained in Campiti's affidavit; rather, this court's review is inherently deferential. See *Mullen*, 304 Kan. at 353. Burdick argues the affidavit failed to establish probable cause, but the errors he alleges do not undermine the issuing magistrate judge's probable cause finding.
>
> In his brief, Burdick argues Campiti failed to conduct an adequate investigation. He alleges Campiti provided an unreasonable basis for believing Hood was reliable, as Campiti's basis for believing so was that Hood admitted to being a methamphetamine addict. Burdick fails to explain how these alleged errors undermine the issuing magistrate judge's findings. He provides no pertinent caselaw or authority in support of his argument. An argument not briefed is deemed waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Failure to support an argument with citations of pertinent authority or show why it is sound despite a lack of pertinent authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Because Burdick has failed to argue the point or support it with pertinent authority, we deem the issue waived and abandoned.
>
> In any event, a thorough review of the search warrant affidavit shows the issuing magistrate judge had a substantial basis to find probable cause to issue the warrant. Contrary to Burdick's present contentions or the arguments he raised at trial and on direct appeal, the affidavit was not deficient or misleading. Campiti's investigation was sufficient, and the information Hood provided was sufficiently corroborated so as to render reliance thereon objectively reasonable.
>
> Because the affidavit established probable cause there is no reasonable probability the outcome on direct appeal would have been different had Burdick's appellate counsel included the search warrant affidavit in the record on appeal. The district court did not err.

Burdick, 2016 WL 6138666, at *3-4.

The Kansas Court of Appeals correctly identified the governing federal rules in Strickland and Gates.[6] The Kansas Court of Appeals reasonably applied federal law when it held that the

---

[6] The Kansas Court of Appeals did not cite Gates directly, but it cited Kansas Supreme Court authority which was based directly on Gates. See State v. Mullen, 304 Kan, 347, 371 P.3d 905 (2016) (citing State v. Hicks, 282 Kan. 599, 147 P.3d 1076 (2006), which in turn cited Gates and Tenth Circuit precedent applying Gates).

issuing magistrate judge had a substantial basis to find probable cause to issue the warrant. In particular, Campiti's affidavit sets forth facts which suggest that Hood was a reliable source. First, Hood was a known informant. A reasonable person in Hood's position would realize that police could hold him responsible if his allegations turned out to be false. See Florida v. J.L., 529 U.S. 266, 270 (2000) (reputation of known informant can be assessed and informant can be held responsible if allegations turn out to be fabricated) (citing Adams v. Williams, 407 U.S. 143, 146-47 (1972)). This provides a disincentive for making false allegations and "[a] court can consider this factor in weighing the reliability of the tip." J.L., 529 U.S. at 276 (Kennedy, J., concurring); see United States v. Tucker, 305 F.3d 1193, 1200-01 (10th Cir. 2002) (tips from known informants more reliable than anonymous tips). Second, Hood admitted to personally participating in various drug transactions and gave information which was against his penal interest. See Gates, 462 U.S. at 230, 234 (even with some doubt as to informant motives, his basis of knowledge is one way to validate information provided); id. at 268 n.20 (informant's veracity can be shown by proof he gave information against his penal interest). Third, based on Hood's criminal history which involved pseudoephedrine and methamphetamine, Campiti could reasonably conclude that Hood recognized the smell of methamphetamine cooking, or recently cooked, outside petitioner's house. Based on the above factors and the totality of the circumstances, the Kansas Court of Appeals reasonably concluded that the issuing magistrate judge had a substantial basis to find probable cause to issue the warrant.

The Court denies relief on petitioner's claim that appellate counsel provided ineffective assistance because he did not include the search warrant affidavit in the record on appeal.

## Conclusion

For the above reasons, the Court denies the petition for a writ of habeas corpus.

Petitioner has failed to establish that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Court reaches this result through examining the state court record and concludes that no evidentiary hearing is required. See Schriro, 550 U.S. at 474 (evidentiary hearing not needed on issues resolved by state court record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2254, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. A petitioner meets this standard by showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons state above, the Court finds that petitioner has not satisfied this standard. The Court denies a certificate of appealability as to its ruling on petitioner's Section 2254 petition.

**IT IS THEREFORE ORDERED** that Benjamin Burdick's Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #6) filed September 20, 2017 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2254 petition is **DENIED**.

Dated this 29th day of January, 2019 at Kansas City, Kansas.

                                                        <u>s/ Kathryn H. Vratil</u>
                                                        KATHRYN H. VRATIL
                                                        United States District Judge