# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BENJAMIN BURDICK, )
)
        **Petitioner,** )
) CIVIL ACTION
)
) No. 17-3148-KHV
WARDEN SAM KLINE, )
)
        **Respondent.** )
)

## MEMORANDUM AND ORDER

On July 7, 2009, in the District Court of Crawford County, Kansas, Benjamin Burdick was sentenced to 324 months in prison for multiple drug-related convictions and endangering a child. On January 29, 2019, this Court denied Burdick's pro se Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #6) filed September 20, 2017. See Memorandum And Order (Doc. #26). This matter is before the Court on Burdick's Motion And Memorandum To Alter/Amend Judgment (Fed. R. Civ. P. 59) (Doc. #28) filed February 26, 2019. For reasons stated below, the Court overrules petitioner's motion.

## Legal Standards

A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. The Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See United

States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).

**Analysis**

Petitioner argues that the Court misapprehended his claims. Motion And Memorandum To Alter/Amend Judgment (Doc. #28) at 2. He maintains that his claims should be construed as follows: "(1) his lawyers were constitutionally deficient for not doing what needed to be done in regards to [Agent Shawn] Campiti [of the Kansas Bureau of Investigation] and . . . the judge; (2) neither [Agent Campiti] nor judge can rely on the information in the affidavit to supply 'probable cause' (against Mr. Burdick) without recklessly disregarding the truth of what the information says; and (3) that the judge, on the information available, did not have a substantial basis for concluding probable cause existed to grant/uphold the warrant." Id. At this stage, petitioner cannot assert claims beyond the two claims that he raised in his amended petition, i.e. (1) trial counsel provided ineffective assistance because he did not request a hearing under Franks v. Delaware, 438 U.S. 154, 164 (1978) and (2) appellate counsel provided ineffective assistance because he failed to include the search warrant affidavit in the record on appeal.[1] See Amended Petition (Doc. #6) filed September 20, 2017, at 6, 11. Petitioner is not entitled to relief from judgment so that he can expand the scope of his claims.

In his motion to alter or amend judgment, petitioner does not assert a change in controlling law or discovery of new evidence. Liberally construed, petitioner's motion asserts the need to prevent manifest injustice because (1) Agent Campiti relied on statements by an informant without

---

[1] Throughout the state proceedings as well, petitioner asserted the same two ineffective assistance claims. In state court, petitioner also asserted that the evidence was insufficient to sustain his conviction for child endangerment. Burdick v. State, 383 P.3d 181 (Table), 2016 WL 6138666, at *2 (Kan. Ct. App. 2016), rev. denied, (Kan. June 20, 2017). In the instant action, however, petitioner did not assert this claim.

investigating his credibility or attempting to corroborate his statements and (2) Agent Campiti's affidavit lacked probable cause. Motion And Memorandum To Alter/Amend Judgment (Doc. #28) at 2. The Court addressed variations of both arguments in the context of the two specific ineffective assistance claims which petitioner raised in his petition. Agent Campiti's alleged negligence in the investigation is insufficient to warrant a Franks hearing or to establish that counsel was ineffective because he failed to ask for such a hearing. See Memorandum And Order (Doc. #26) at 9-12. Next, petitioner's assertion that the affidavit lacked probable cause does not establish that the issuing magistrate judge did not have a substantial basis to find probable cause to issue the warrant or that counsel provided ineffective assistance in failing to include a copy of Agent Campiti's affidavit on appeal. See id. at 12-15.

In sum, petitioner has not shown a sufficient basis to alter or amend judgment. He largely seeks to reargue the same arguments presented in his amended petition. For these reasons and for substantially the reasons set forth in the Memorandum And Order (Doc. #26), the Court overrules petitioner's motion to alter or amend judgment.

**IT IS THEREFORE ORDERED** that Benjamin Burdick's Motion And Memorandum To Alter/Amend Judgment (Fed. R. Civ. P. 59) (Doc. #28) filed February 26, 2019 is **OVERRULED**.

Dated this 22nd day of July, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge